The Honorable Cliff Hoofman State Senator P.O. Box 1038 North Little Rock, AR 72115
Dear Senator Hoofman:
This is in response to your request for an opinion regarding the transfer of Mr. Louis Peyton, currently an inmate in the Arkansas Department of Correction, to the Pulaski County Sheriff for participation in a peer counseling program at Rogers Hall, under the supervision of the Department of Human Services. Specifically, you have asked whether such a transfer is authorized by Act 309 of 1983 as amended by Act 1112 of 1991.
Act 309 of 1983, codified at A.C.A. §§ 12-30-401, -405, -406, and -407 (1987), provides for the participation of Department of Correction inmates in work-release programs instituted by the Department. It must be noted, however, that § 12-30-404
specifically excludes certain inmates from participation in such programs, providing:
 (a) No person convicted of a capital offense, murder in the first degree, rape, or kidnapping or a person convicted for the second or subsequent time of aggravated robbery shall be allowed to participate in any work-release program conducted by or for the Department of Correction.
 (b) However, this section shall not apply to persons participating in work-release programs on July 20, 1979.
While § 12-30-404 is not part of Act 309 of 1983, its language makes it applicable to any work-release programs conducted by or for the Department of Correction, which would appear to include the situation you describe as being contemplated for Mr. Peyton. Although Act 1112 of 1991 amended Act 309 of 1983, specifically §12-30-407(a), it is my opinion that the amendment does not affect the absolute exclusion of certain inmates from participation in work-release programs set out in § 12-30-404.
It is our understanding from the Department of Correction that Mr. Peyton was convicted of first degree murder on September 11, 1989. Accordingly, under § 12-30-404, he is ineligible to participate in any work-release program conducted by or for the Department of Correction, including the proposed transfer described in your opinion request.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General